# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| CARMON T. GILLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13CV00054 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| DOLLAR GENERAL STORE, ETC., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Plaintiff; Holly N. Mancl, Penn, Stuart & Eskridge, P.C., Bristol, Tennessee, for Defendant.*

In this diversity action, removed from state court, the plaintiff Carmon T. Gilly seeks recovery for injuries suffered when she tripped and fell while a customer in a store operated by the defendant, Dolgencorp, LLC, doing business as Dollar General. Following discovery the defendant has moved for summary judgment, contending that under applicable Virginia law, Mrs. Gilly is barred from recovery by virtue of her own contributory negligence.

The Motion for Summary Judgment has been briefed and argued and is ripe for decision. For the following reasons, it will be denied.

I

An award of summary judgment is appropriate where there is no genuine dispute as to any material fact such that one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must assess the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir. 1995).

Virginia substantive law governs this diversity claim. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Under that law, a plaintiff who falls and injures herself as the result of an open and obvious danger is guilty of contributory negligence and is barred from any recovery. *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va. 1991). This principle holds true even when the plaintiff did not see the open and obvious defect in the premises. *See Rocky Mount Shopping Ctr. Assocs. v. Steagall*, 369 S.E.2d 193, 194 (Va. 1988). The question is "whether [the] plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 824 (Va. 1990). Thus, contributory negligence is ordinarily a factual issue for the jury to decide, unless reasonable minds could not differ as to the conclusion. *Estate of Moses v. Sw. Va. Transit Mgmt. Co.*, 643 S.E.2d 156, 160 (Va. 2007). It

is an affirmative defense which the defendant must prove by a preponderance of the evidence. *Artrip*, 397 S.E.2d at 823.

II

The material facts, as shown by the summary judgment record, are as follows.[1]

On June 28, 2012, at approximately 9:00 a.m., Mrs. Gilly, a fifty-nine-year-old school teacher, went inside the Dollar General store in Big Stone Gap, Virginia. She had frequented the store many times before. Her hands were empty, she was not pushing a shopping cart, and the store was well lit.

After entering the store, Mrs. Gilly walked down a main aisle. Part way down, she turned right to walk around an end cap and into a narrow cross aisle.[2]

---

[1] The principal evidence before me is the discovery deposition of Mrs. Gilly. There also has been filed in opposition to summary judgment an affidavit by Mrs. Gilly prepared by her lawyer, but I have not considered factual assertions in her affidavit that contradict her earlier deposition testimony. While affidavits or declarations based upon personal knowledge are authorized methods of supporting factual positions in summary judgment, Fed. R. Civ. P. 56(c)(1)(A), a litigant is not permitted to create a disputed issue of fact by simply contradicting her own prior testimony. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."). Accordingly, efforts to patch up a deposition by a subsequent counsel-drafted affidavit are very likely to fail.

[2] As shown by a photograph of the accident scene, an "end cap" consists of shelves projecting out into the main aisle containing merchandise, in this case boxes of soft drink cans. A copy of the photograph, part of the summary judgment record, is attached as an exhibit to this Opinion. The photograph was taken during the investigation

As she did so, she tripped over a cardboard box containing bottles of Hawaiian Punch that had been placed at or near the right corner of the aisle that she was entering. No one observed her fall.

The aisle where Mrs. Gilly fell was thirty-five inches wide. She estimates that the box was twelve to eighteen inches in length, width, and height, leaving twenty-three inches of unobstructed aisle at most.

Mrs. Gilly did not see the box prior to her fall. She was looking forward at merchandise on the shelves as she came around the end cap and tripped. She stated that she fell as soon as she turned the corner. She did not look down as she came around the end cap. When asked if she would have seen the box had she looked at the floor, she responded, "Possibly." She explained, "If I had looked directly at it, I mean if I had looked in the vicinity of it, yes. I probably would have." (Gilly Dep. 23.) She stated that she was not distracted at the time of her fall.

The exact location of the box has not been shown. Whether it was at the corner of the aisle or slightly into the aisle is unclear from this record.

Mrs. Gilly sustained cuts to her right arm, right leg, and upper lip in the fall, and broke her left elbow and left knee. She alleges that she has lost strength and

---

of the accident by Dollar General. There is no evidence in the present record that the location of the box as shown in the photograph accurately portrays its location at the time of the accident.

range of motion in her left arm and left hand due to the broken left elbow, and that she experiences aching in the elbow at night. She claims that as a result of the fall she has incurred substantial medical bills, endured severe physical pain and suffering, and lost work.

III

Dollar General has the burden of proof to show any contributory negligence by Mrs. Gilly. "'As is well established, in a summary judgment proceeding the party against whom the burden of proof falls at trial faces a challenge more difficult than otherwise.'" *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) (citing and quoting *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1425 (11th Cir. 1990)). "In order for a defendant to prevail on a summary judgment motion based on an affirmative defense, the defendant must shoulder the burden usually allocated to a plaintiff moving for summary judgment: the defendant must adduce evidence which supports the existence of each element of its affirmative defense, and the evidence must be so powerful that no reasonable jury would be free to disbelieve it." *Herndon v. Mass. Gen. Life Ins. Co.*, 28 F.Supp. 2d 379, 382 (W.D. Va. 1998) (internal quotation marks and citation omitted).

Because the exact location of the box in the aisle is not clear from the evidence before me, I cannot grant judgment to the defendant. If the cardboard box was close enough to the corner of the aisle so as to hide it from the view of a customer turning into that aisle, a jury might find that Mrs. Gilly was not contributorily negligent. As the Supreme Court of Virginia has noted, "We have specifically declined to hold that, as a matter of law, a pedestrian's failure to look down while stepping forward must constitute contributory negligence in every case." *Little Creek Inv. Corp. v. Hubbard,* 455 S.E.2d 244, 246 (Va. 1995) (holding that circumstances of each case must be considered). For example, in *City of Suffolk v. Hewitt*, 307 S.E.2d 444, 448-49 (Va. 1983), the court refused to find the injured plaintiff contributorily negligent as a matter of law where she tripped because of a six-inch drop off as she entered a dimly lit room in the defendant's premises.

While the premises here were well-lighted, if the facts show that Mrs. Gilly reasonably could not have seen the obstruction before she fell because her view was obstructed by the aisle's end cap, then the defendant's affirmative defense may be unavailing.[3] Because there is a genuine dispute as to a material fact, summary judgment is not appropriate.

---

[3] During her deposition, Mrs. Gilly was asked:

Q. Was there anything concealing the box?

IV

Accordingly, it is **ORDERED** that the defendant's Motion for Summary Judgment (ECF No. 14) is DENIED.

        ENTER: June 16, 2014

        /s/ James P. Jones
        United States District Judge

---

    A. Just the--no. No.

(Gilly Dep. 23.) I do not interpret this answer to foreclose a claim that the end cap obstructed her view.

